UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**-vs-**                                            Case No.  6:01-cr-29-Orl-19GJK

**JAMES EDWARD BELLAMY,**

        **Defendant.**

## ORDER

This case comes before the Court on the following:

1. Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) Pending Expedited Review by Defendant James Edward Bellamy (Doc. No. 89, filed Mar. 17, 2008);

2. Order Directing Response on Retroactive Application of Crack Cocaine Amendment (Doc. No. 90, filed Mar. 24, 2008);

3. Response Regarding Retroactive Application of Revised Cocaine Base Sentencing Guidelines by Defendant Bellamy (Doc. No. 93, filed Apr. 24, 2008); and

4. Response to Order Pursuant to 18 U.S.C. § 3582(c)(2) by the United States of America (Doc. No. 94, filed Apr. 25, 2008).

### Background

Defendant James Edward Bellamy pled guilty to Counts One and Six of the Indictment charging him with conspiracy to possess with intent to distribute cocaine base and cocaine hydrochloride in violation of Title 21, United States Code, Section 846, and possession with intent to distribute cocaine base in violation of Title 21, United States Code, Sections 841(b)(1)(B)(ii) and

(iii). (Doc. No. 63 at p. 1, filed Aug. 2, 2001.) Defendant was found responsible for 15.9 grams of cocaine base (crack cocaine). (2001 PSR at p. 6, ¶ 31.)[1] Defendant qualified as a career offender under United States Sentencing Guidelines Section 4B1.1, received a three-level reduction for acceptance of responsibility and a two-level reduction for substantial assistance to the government, and was sentenced to a term of imprisonment of 151 months. (*Id.* at pp. 6-7, ¶¶ 31-43; Doc. No. 63 at pp. 2, 7-8.)

In its March 24, 2008 Order, the Court directed the parties to file responses as to the applicability of Guidelines Amendment 706 to Defendant Bellamy. (Doc. No. 90, filed Mar. 24, 2008.) As the Court there explained, Amendment 706 lowered the base offense level for crack cocaine offenses by two levels for eligible defendants. (*Id.* at p. 1.) Accordingly, Section 3582(c)(2) of Title 18 of the United States Code permits the Court to modify a term of imprisonment based on a sentencing range that has been lowered by this Amendment.

In its Response, the United States argues that the Court does not have jurisdiction to reduce Defendant Bellamy's sentence because "Amendment 706 does not have the effect of lowering the sentence range under which the defendant was sentenced." (Doc. No. 94 at p. 3, filed Apr. 25, 2008.) The United States explains:

> The defendant was sentenced as a career offender, pursuant to USSG §4B1.1, based on his prior convictions for other drug trafficking and violent offenses. Accordingly, his base offense level was 31. Because the defendant's offense level was controlled by Section 4B1.1 and not affected by the underlying offense level, Amendment 706, which changes offense levels under Section 2D1.1, has no bearing on the defendant's offense level.

(*Id.* (internal citations omitted).)

---

[1] The Presentence Investigation Report on Defendant, dated June 28, 2001, will be cited as "2001 PSR."

-2-

Defendant Bellamy argues that his sentence was "based on" a sentencing range that has subsequently been lowered by the Sentencing Commission because "[a]ll crack sentences are based on the crack guideline's sentencing range because that range[] is the starting point of every sentence, even if a defendant was subject to a Chapter 4 override." (Doc. No. 93 at p. 2, filed Apr. 24, 2008.) Accordingly, Defendant asserts, "the Court must determine whether it would have imposed a lower term of imprisonment had the amended sentencing range been in effect." (*Id.* at p. 4.)

**Analysis**

Section 3582(c)(2) of Title 18 of the United States Code provides that a court may only modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Guidelines Section 1B1.10 clarifies: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . (B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S. Sentencing Guidelines Manual § 1B1.10(a)(2) (supp. Mar. 3, 2008); (*see also* Doc. No. 94 at pp. 3-4 (citing cases)).

Defendant is not eligible for a reduction under Amendment 706 because the Guidelines range applicable to him remains unchanged. Since Defendant was sentenced as a career offender, his sentencing range was that prescribed by Guidelines Section 4B1.1. (2001 PSR at pp. 6-7, ¶¶ 40-43.) Defendant's status as a career offender was determined based on the requirements of Guidelines Section 4B1.1(a): Defendant was the requisite age at the time of the offense (18 years old); the offense for which he was being sentenced was a felony and a controlled substance offense; and

Defendant's record included at least two prior felonies that were controlled substance offenses. (*Id.*) Amendment 706 has no effect on Defendant's status as a career offender; Defendant meets the definition of career offender regardless of the revisions to Guidelines Section 2D1.1.

Similarly, because Amendment 706 does not change Defendant's career offender status, it does not change the sentencing range applicable to him. Since Defendant was a career offender, his base offense level was determined by the statutory maximum for his offenses pursuant to Guidelines Section 4B1.1(b). (*Id.*) Defendant's offenses carried a statutory maximum of 40 years, and so his offense level was 34 under Guidelines Section 4B1.1(b)(B). (*Id.*) Defendant's criminal history category was VI. (*Id.* at p. 12, ¶ 65.) Defendant received a three-level reduction for acceptance of responsibility, making his total offense level 31. (*Id.* at p. 7, ¶¶ 41-43.) At sentencing and on the Government's Motion, Defendant received an additional two-level reduction for substantial assistance, resulting in a total offense level of 29. (Doc. No. 63 at p. 8.) The Sentencing Table provides that the sentencing range for offense level 29 and criminal history category VI is 151 to 188 months imprisonment. U.S. Sentencing Guidelines Manual ch. 5, pt. A. Defendant was sentenced within this range to 151 months of imprisonment. (Doc. No. 63 at p. 2.) Thus, none of the provisions relevant to calculating Defendant's sentence were affected by Amendment 706.

Defendant argues that his sentence was nevertheless "based on" a sentencing range that has been subsequently lowered under Section 3582(c)(2). (Doc. No. 93 at pp. 2-5.) However, this argument inaccurately summarizes the sentencing process. As explained by Judge Robreno in the Eastern District of Pennsylvania:

> Under the Guidelines, a court determines whether a defendant is a career offender and, if he is, calculates the sentence under § 4B1.1. The court may rely on the sentencing range prescribed for a defendant of a different criminal history category (in other words, the § 2D1.1 sentencing range), but only if the court determines that

the criminal history category "substantially over-represents the seriousness of defendant's criminal history or the likelihood that the defendant will commit other crimes." § 4A1.3(b)(1).  If the court concludes that the criminal history category accurately represents the defendant's characteristics, it never reaches the comparison between defendant's sentence under § 4B1.1 and the sentence that would apply if another criminal history category were used.

*United States v. Rivera*, 535 F. Supp. 2d 527, 530 (E.D. Pa. 2008).

When Defendant was sentenced, the Court declined to grant a downward departure in criminal history category. (Doc. No. 63.) In other words, the Court concluded that category VI and the career offender provision accurately represented Defendant's characteristics. Therefore, the Court calculated a sentencing range based on Guidelines Section 4B1.1. The sentencing range under Section 2D1.1 never became relevant because no downward departure was granted.[2]

Since Amendment 706 does not lower Defendant's applicable Guidelines range in this case, the Court does not have jurisdiction to reduce Defendant's sentence.[3] Therefore, Defendant's

---

[2] Judge Robreno also observed that even if a court considered what a career offender defendant's sentence would have been under Chapter Two of the Guidelines, it is unclear that a reduction would be authorized by Section 3582. *Rivera*, 535 F. Supp. 2d at 530. The statute provides authority for a reduction based on "an amendment reducing the applicable guidelines range." *Id.* It is not obvious that authority is provided by an amendment changing a guidelines range that is not applicable to the defendant but is considered for comparison purposes. *Id.*; *see also United States v. Hankerson*, 224 F. App'x 900, 901 (11th Cir. 2007) ("Indeed, had [the defendant] been sentenced after the enactment of Amendment 591, his guideline range would have been the same. Thus, [the defendant] was not sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, and § 3582(c)(2) does not apply." (internal quotations omitted)).

[3] While the Court may apply the Sentencing Guidelines in a discretionary manner at an *original* sentencing pursuant to *United States v. Booker*, 543 U.S. 220 (2005), nothing in United States Code Title 18, Section 3582(c)(2) gives the Court similar discretion to depart from the Guidelines in *resentencing*. In any event, the Court declines to do so here.

Motion at docket Number 89 filed March 17, 2008 is denied, and the Order at Docket Number 90, filed on March 24, 2008, is discharged.

Counsel for Defendant has requested that the Court allow the Office of the Federal Public Defender to withdraw from further representation of Defendant and allow Defendant to file any further arguments *pro se*. (Doc. No. 93 at pp. 1, 6.) Such request is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on May 1, 2008.

```
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT
```

Copies furnished to:
Counsel of Record